Manniello Bros. & Mayrsohn, Inc. v. Commissioner.
Manniello Bros. & Mayrsohn v. Commissioner
Docket No. 26218.
United States Tax Court
1952 Tax Ct. Memo LEXIS 331; 11 T.C.M. (CCH) 107; T.C.M. (RIA) 52030; February 6, 1952
*331 Held, on the basis of the facts presented, of the amount ($94,725) claimed by petitioner for officers' compensation, the amount of $19,000 is excessive and unreasonable. Charles Gadd, Esq., for the petitioner. Joseph F. Rogers, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion Respondent determined deficiencies in income tax against the petitioner of $170.56 and $13,695.78 for the taxable years 1946 and 1947, respectively. Petitioner does not contest the deficiency determined by the respondent for the year 1946, so that no issue is presented with respect to the petitioner's income tax liability for that year. Of the adjustments made by the respondent in the determination of the deficiency for the year 1947, only one is contested by the petitioner. It presents for our decision the question whether the amount claimed as a deduction for compensation of officers in the taxable year was unreasonable and excessive. Findings of Fact Petitioner is a corporation organized in 1926 under the laws of the State of New York and maintains its place of business at 324 Washington Street, New York, New York. It reports its income on a calendar year *332 accrual basis. Petitioner filed its corporate income tax returns for the years 1946 and 1947 with the collector of internal revenue for the second district of New York. At all times material herein, petitioner was engaged in the business of buying, selling, exporting, importing and jobbing produce and fruit as a principal and as a commission agent. Petitioner's operations are extraordinary in the fruit and produce marketing business in that they consist of all these diversified activities. Since its inception petitioner has been a close family corporation. Its original capital consisted of 750 shares of common stock, par value $100 totaling $75,000, and in the taxable year 1947 its issued and outstanding stock remained $75,000. The stock ownership was divided equally between the two families of the founders of the business, Antonio Manniello and Mayr Mayrsohn, and in the year 1947 the ownership and control of petitioner was distributed among the members of these families as follows: Number of
Name
Office Held
Relationship
Shares Held
Antonio Manniello
President
Founder of business
None
Philip Manniello
Secretary
Son of Antonio Manniello
93 3/4
Casper Mayrsohn
Treasurer
Son of Mayr Mayrsohn
125
Frank Manniello
Vice-Pres.
Son of Antonio Manniello
93 3/4
Bernard Mayrsohn
Asst. Secy.
Son of Mayr Mayrsohn
125
Fred Manniello
Asst. Treas.
Nephew of Antonio Manniello
None
Jack Mayrsohn
None
*
125
Carmela Manniello
None
*
187 1/2
750
*333 In 1947 all of the above persons were directors with the exception of Jack Mayrsohn and Carmela Manniello. The compensation paid to the petitioner's officers during the years 1943 to 1947, as indicated by its returns for those years, is as follows: 1943
1944
1945
1946
1947
Antonio Manniello, Pres.
$ 4,860
$ 4,860
$ 5,412
$10,480
$25,000
Casper Mayrsohn, Treas.
2,610
2,900
6,560
22,500
Philip Manniello, Secy.
2,185
3,380
4,560
5,140
22,500
Frank Manniello, Vice Pres.
2,875
5,140
12,000
Bernard Mayrsohn, Asst. Secy
2,725
Fred Manniello, Asst. Treas.
3,120
4,890
5,140
10,000
$ 9,655
$11,360
$20,637
$32,460
$94,725
The resolution fixing the officers' compensation for the year 1947 was passed at a meeting of the board of directors on January 6, 1947. During the period of time from the date of its incorporation in 1926 to and including the taxable year 1947, petitioner declared only one dividend, a 14 per cent cash dividend, totaling $10,500, in 1936. The balance sheet (Schedule L) of petitioner's 1943 tax return shows earned surplus and undivided profits as of *334 January 1, 1943, in the amount of $2,201.08. The same schedule of petitioner's return for the taxable year 1947 indicates that earned surplus and undivided profits as of December 31, 1947, amounted to $22,918.38. On its 1947 return the petitioner reported net sales of $3,805,420.72, gross profit on sales $192,376.97, gross income $277,989.29, total deductions $267,813.66, which included compensation of officers of $94,725 and salaries and wages of $77,034.26. The reported net income was $10,175.63. On its 1946 return petitioner reported net sales of $2,100,195.58, gross profit on sales $90,511.62, gross income $158,391.30, total deductions $158,127.66, which included officers' compensation of $32,460 and salaries and wages of $60,858.74. The reported net income was $263.64. In accordance with these figures, officers' compensation for 1947 exceeded salaries and wages by $17,690.74; whereas in 1946 salaries and wages exceeded officers' compensation by $28,398.74, and total officers' compensation for 1947 was about 34 per cent of gross income and about 35 per cent of all deductions, whereas total officers' compensation in 1946 was about 20 per cent of gross income for that year and *335 about 21 per cent of all deductions. During the year 1947, Antonio Manniello, the president of petitioner, was not merely an executive but rendered vital services, worked diligently, and was "on the job" 14 hours a day, 6 days a week. The duties he performed in 1947 were substantially the same as those he had performed in prior years, except that the increased volume of export sales required some additional effort on his part. He was thoroughly familiar with the produce business, in which he had been engaged since the year 1894. During 1927, 1928 and 1929, when there were only two officers of the corporation drawing salaries, of the total compensation paid, ($32,500) Antonio Manniello received a salary of about $16,900 a year, the largest yearly amount he had ever received prior to 1947. Casper Mayrsohn, the treasurer of petitioner, is a graduate of New York State College of Agriculture. He devoted his full time and energies to petitioner's business and had many duties. He was in charge of the office, export sales, financing operations, and contact work with respect to prospective customers, both in the United States and abroad, both for petitioner's commercial business and its *336 export business. The increase in volume of export sales during 1947 required him to put forth some additional effort in that year. Philip Manniello, the secretary of petitioner, also devoted his full time and efforts to petitioner's business and held a position which is technically known in the trade as a "night man", in charge of the various buying, selling and other operations of the petitioner which had to take place at night. He was in charge of petitioner's consignment business. Fred Manniello, assistant treasurer of petitioner, was its credit and general traffic manager, and Frank Manniello, the vice president, was in charge of packaging, marking and strapping the merchandise which petitioner exported. In the determination of the deficiency against the petitioner for the year 1947, the respondent found that the deduction claimed for compensation of officers was excessive to the extent of $33,000, computed as follows: Claimed
Allowed as
Name of Officer
on Return
Reasonable
Disallowed
Antonio Manniello
$25,000
$15,000
$10,000
Frank Manniello
12,000
10,000
2,000
Philip Manniello
22,500
10,000
12,500
Casper Mayrsohn
22,500
15,000
7,500
Bernard Mayrsohn
2,725
2,725
Fred Manniello
10,000
9,000
1,000
$94,725
$61,725
$33,000
*337 The amount of the deduction claimed for compensation of officers in 1947 was unreasonable and excessive to the extent of $19,000. A reasonable amount of such compensation is $75,725 as follows: Antonio Manniello, President
$20,000
Frank Manniello, Vice-president
10,000
Philip Manniello, Secretary
16,000
Casper Mayrsohn, Treasurer
17,000
Bernard Mayrsohn, Assistant Secretary
2,725
Fred Manniello, Assistant Treasurer
10,000
$75,725
Opinion HILL, Judge: The sole issue presented for decision is a question of fact which concerns the reasonableness of the compensation paid to certain of petitioner's officers during the year 1947. [1]
*338 Where such an issue is presented and the taxpayer is a close family corporation, with the officers being family members as is the case here, the corporation's record with respect to the payment of dividends and a comparison between the amount of compensation paid and the net earnings are pertinent facts to be considered. Always germane to the issue of reasonable compensation is evidence of what amounts are being paid by similar companies for similar services. Of course, those factors alone are not decisive of the issue. All the evidence must be considered. What constitutes a reasonable amount of officers' compensation for one company may not be reasonable for another, and the facts of a particular case may indicate the amount of compensation paid to officers was reasonable even though the corporation was unable or unwilling to declare dividends. As set out in our findings of fact above, the petitioner is a close corporation, owned and operated by two families. The evidence indicates that only once in 21 years of its existence has it declared a dividend, which was a cash dividend declared in 1936 in the amount of $10,500; yet, its earned surplus as of January 1, 1943, as shown on *339 the balance sheet (Schedule L) of petitioner's 1943 return, was only $2,201.08. On the same schedule of petitioner's 1947 return, the earned surplus figure as of December 31, 1947, was only $22,918.38. The evidence indicates that prior to the war years the largest amount ever paid by the petitioner to its officers was $32,500. However, no net income figures were given with which this amount could be compared. During the war years, 1942 to 1945, the total amount of compensation paid by the petitioner to its officers was substantially decreased, and some of the officers took substantial cuts in their salaries while others were in the armed services. During this period petitioner's earnings were very low. In 1946 officers' salaries were substantially increased and the amount reported was $32,460, while the reported net income was only $263.64. Then in 1947 officers' compensation was increased to $94,725 as compared with the net income reported of $10,175.63. The 1947 income was about three times that of 1946. As shown by petitioner's returns for the years 1946 and 1947, officers' compensation for the year 1946 was abount 20 per cent of gross income and about 21 per cent of all deductions, *340 whereas in 1947 officers' compensation increased to about 34 per cent of gross income and about 35 per cent of all deductions. The compensation paid in 1947 exceeded salaries and wages by $17,690.74, whereas in 1946 salaries and wages exceeded officers' compensation by $28,398.74. Nothing in the resolution of the board of directors fixing the 1947 officers' compensation, or elsewhere in the record, supports petitioner's alternative argument that the increase in officers' compensation for the year 1947 constituted, in whole or in part, compensation for services performed in prior years. Furthermore, as far as we can determine from the evidence presented, none of the officers took on additional duties in 1947. On the other hand, the increased volume of sales appears to have required additional effort on their part. The evidence also indicates that all the officers performed very vital services on petitioner's behalf and that their duties were extensive. Furthermore, the witnesses who testified on petitioner's behalf stated that the salaries paid to Antonio Manniello, Philip Manniello, Fred Manniello and Casper Mayrsohn were, in their opinions, reasonable based on their knowledge of *341 what their own firms were paying their officers who performed similar services. Such testimony was uncontroverted by the respondent, who offered no evidence with respect to this particular fact; however, none of these witnesses testified as to the total compensation paid all the officers or proprietors of their companies. We are convinced by the evidence presented that the total amount claimed by the petitioner as compensation for its officers was excessive, but that a reasonable amount of such compensation is in excess of that allowed by the respondent. Accordingly, on the basis of the evidence presented, we have found that a reasonable amount of compensation for 1947 is $75,725, as set out in our findings of fact. Decision will be entered under Rule 50. Footnotes
*. Not indicated by record.↩
1. Officers' compensation is deductible under the provisions of section 23 (a) (1) (A) of the Internal Revenue Code, which reads as follows: SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions - (a) Expenses. - (1) Trade or business expenses. - (A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.↩